Martin QUINTANA, Plaintiff,

v.

Leroy BACA, Michael Antonovich, Yvonne Burke, Deane Dana, Don Knabe, Gloria Molina, Zev Yaroslavsky, Defendants.

No. CV 05–05414DDP(Shx).

United States District Court,
C.D. California.

Oct. 18, 2005.

Stephen Yagman, Marion R. Yagman, Joseph Reichmann, Yagman & Yagman & Reichmann, Venice Beach, CA, for plaintiff.

Michael D. Allen, David D. Lawrence, Franscell, Strickland, Roberts & Lawrence, Glendale, CA, for defendants.

## ORDER DENYING SANCTIONS

PREGERSON, District Judge.

This matter is before the Court on the plaintiff's motion to impose sanctions pursu-

ant to Federal Rule of Civil Procedure ("FRCP") 11 and 28 U.S.C. section 1927. After reviewing the papers filed by the parties and hearing oral argument, the Court denies the motion.

## I. BACKGROUND

The plaintiff is a member of the discrete class of persons whose defining characteristic is that they resided on the floor while in custody at the Los Angeles County Jail. (Compl.6.) The plaintiff was arrested on April 6, 2005 and was placed in the Los Angeles County Men's Central Jail on April 7, 2005. On July 26, 2005, the plaintiff filed a complaint against the defendants. (Compl.2.) The plaintiff claims that he was forced to reside on the jail floor because there was insufficient seating available. (*Id.*) The plaintiff claims this was a violation of his constitutional rights.

Currently, before this Court, is the plaintiff's motion to impose Rule 11 and § 1927 sanctions on defendant Lee Baca's counsel David D. Lawrence and Paul B. Beach and the law firm of Franscell, Strickland, et. al.

## II. DISCUSSION

### A. *Legal Standard*

#### 1. *Sanctions Under FRCP 11*

■ Rule 11 provides that a court may impose appropriate sanctions upon attorneys, law firms, or parties that have falsely represented to the court through a signed paper that a pleading or motion is not presented for an improper purpose such as harassment or to cause unnecessary delay. Rule 11 further requires that the legal claims contained in a pleading or motion are warranted by existing law and are not frivolous. Additionally, the factual contentions contained in pleading must have, or be likely to have, evidentiary support. Sanctions are appropriate "if the paper filed . . . is frivolous, legally unreasonable or without factual foundation, even though . . . not filed in subjective bad faith." *Zaldivar v. City of Los Angeles,* 780 F.2d 823, 831 (9th Cir.1986).

■ An objective standard of reasonableness is applied to determine whether a litigant has met his Rule 11 duties. *See G.C. and K.B. Investments, Inc. v. Wilson,* 326 F.3d 1096, 1109 (9th Cir.2003). The purpose of Rule 11 is to deter baseless filings in the federal court system. *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 393, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990). In achieving this purpose, courts balance competing concerns, "the desire to avoid abusive use of the judicial process and to avoid chilling zealous advocacy." *Hudson v. Moore Bus. Forms, Inc.,* 836 F.2d 1156, 1159–60 (9th Cir.1987)

#### 2. *Sanctions Under 28 U.S.C. § 1927*

■ Title 28 U.S.C. section 1927 provides that any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Sanctions must be predicated on actions that are both "unreasonable" and "vexatious." *Edwards v. Gen. Motors Corp.,* 153 F.3d 242, 246 (5th Cir. 1998). Moreover, § 1927 sanctions require a showing of "bad faith, improper motive, or reckless disregard of the duty owed to the court." *Id.*

#### 3. *Local Rule 7–3*

The Local Rules apply to all civil actions and proceedings in the United States District Court for the Central District of California. L.R. 1–1. Local Rule 7–3 says "[i]n all cases . . . counsel contemplating the filing of any motion, shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. . . . the conference shall take place at least twenty (20) days prior to the filing of the motion." L.R. 7–3.

### B. *Analysis*

#### 1. *Sanctions under FRCP 11*

■ The plaintiff claims that because many of the defendant's affirmative defenses to the original claim are without merit the court should impose sanctions under Rule 11.

The defendant also claims that the plaintiff did not conform to the requirements of Local

Rule 7–3 in bringing this motion. The parties dispute this. In his motion, the plaintiff claims the parties held or attempted to hold a meeting on August 19, 2005, pursuant to this rule. The defendant claims that this contention is false. (Opp'n 4.) The defendant says that, on that date, the plaintiff's counsel called the defendant's counsel to discuss the plaintiff's objections to certain affirmative defenses set forth in the defendant's answer to the plaintiff's complaint. (*Id.*) At no time during this conversation, however, claims the defendant, did the plaintiff's counsel alert the defendant's counsel of his intent to file this motion. (*Id.*) Because there is a factual dispute regarding the contents and purpose of this August 19, 2005, phone call, this Court is unable to tell whether Local Rule 7–3 has been satisfied.

Finally, although the Court granted the plaintiff's motion to strike several of the defendant's affirmative defenses, the Court does not find it appropriate to penalize the defendant for his extreme caution. For the foregoing reasons, the Court is inclined to deny the plaintiff's motion for sanctions under Rule 11.

### 2. *Sanctions under 28 U.S.C. § 1927*

The plaintiff claims that because a good portion of the defendant's affirmative defenses are without merit, the Court should grant sanctions to the plaintiff pursuant to 28 U.S.C. § 1927. However, there is nothing in the record that suggests that the defendant elicited bad faith, improper motive, or reckless disregard of duty to the court in bringing their affirmative defenses. *See Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 246 (5th Cir.1998). In fact, the defendant claims that, during an August 19, 2005 phone call, the defendant's counsel proposed that the parties stipulate that the plaintiff was not pursuing any state law claims in this action and that those affirmative defenses related only to state law claims would be withdrawn. (Opp'n 4.) If true, this suggests that the defendant is attempting to work with the plaintiff's counsel. This evidence supports the idea that the defendant is cooperative, not vexatious and not operating in bad faith.

### III. CONCLUSION

For the reasons stated above, this Court denies the plaintiffs' motion for sanctions.

IT IS SO ORDERED.